Application of Bernard ROSS for Habeas Corpus.

Civ. A. No. 64-291.

United States District Court
W. D. Pennsylvania.
April 9, 1964.

Thomas A. Harper, Pittsburgh, Pa., for Bernard Ross.

Louis Abromson, Asst. Dist. Atty., of Allegheny County, Pittsburgh, Pa., for James Maroney, Superintendent State Correctional Institution, Pittsburgh, Pa.

DUMBAULD, District Judge.

This being a murder case, we have examined the entire record in keeping with the practice of the Supreme Court of Pennsylvania in such cases and find no substantial violation of fundamental federal constitutional rights, sufficient to warrant habeas corpus.

In the first place we are obliged to deny relief because applicant has not exhausted his State remedies. The situation is similar to that discussed by our colleague Judge Marsh, in an able opinion in United States ex rel. Geisel v. Claudy, 96 F.Supp. 201, 204 (W.D.Pa. 1951). The same principle is expressed in United States ex rel. Berkery v. Rundle, 226 F.Supp. 579, 583 (E.D.Pa. 1964).

Applicant here did not file an application for habeas corpus in the Court of Common Pleas of Allegheny County. Applicant has thus not sought to raise in the State courts his proposition that it is a denial of federal constitutional rights to receive the evidence regarding the death of a second victim at the time of the shooting. It is true that this proposition was involved in the appeal to the Supreme Court of Pennsylvania, but it was treated merely as a proposition involving the Pennsylvania law of evidence, and not as a federal constitutional question.

We understand that applicant is presenting a petition today to the Court of Common Pleas.

Secondly, by way of dictum, it may be said that we find the able opinion of Chief Justice Bell in Commonwealth v. Ross, 413 Pa. 35, 40, 195 A.2d 81, 83 (1963), completely correct and convincing. The Court there pointed out that there are well defined exceptions to the rule that evidence of the commission of a crime other than the one for which a defendant is being tried is not admissible:

"for example, when more than one person is killed by the accused either as part of a common plan, design, or motive, or as part of the res gestae or as part of a sequence of acts related to the crime or as part of a chain of criminal acts. * * Prior convictions can be admitted in evidence to show intent, scienter, motive, identity, plan, or the accused to be one of an organization banded together to commit crimes of the sort charged, *or that such* prior conviction or *criminal act formed a part of a chain,* or was *one of a sequence of acts, or became part of the history of the event on trial, or was part of the natural development of the facts;* * also to prove the mental condition when the defense was insanity, or to rebut the inference of mistake, or to show a guilty knowledge."

The present case falls within these exceptions. The testimony showed

* Italics those of Supreme Court of Pennsylvania.

26

that defendant while visiting the home of his "common law wife" in her presence and the presence of her sons, Daniel and Russell, said that he was going to shoot and kill all of them (R. 54a). Thereupon he did shoot Daniel, who died, and Russell, who miraculously survived and testified at the trial. Neither Russell nor any other witness saw defendant shoot the mother of the children, the victim for whose murder he was being tried. Defendant confessed, however, to having shot all three.

The testimony to which defendant objects is that of the medical examiner who testified that Daniel died of a gun shot wound. The trial judge commendably limited this testimony to the cause of death, and excluded any "gory details".

Plainly the testimony, so limited, was properly admissible to show the execution of the common design or intent of defendant to kill all three of those whom he shot, in accordance with his statement of intention so to do.

Furthermore, there being no eye witness testimony of the killing of the victim for whose death defendant was being tried, and only his confession being available, it was proper for the Commonwealth to show the death of the first victim, in conjunction with the testimony of the firearms expert that all three bullets were fired from the fatal gun (R. 102a), in order to enable the jury to infer that defendant killed the victim for whose death he was being tried.

Furthermore, the shooting and death of Daniel formed part of the chain or sequence of acts, and was part of the history of the event involved in the trial, and was part of the natural development of the facts relating to the crime for which defendant was being tried.

It also served to rebut any inference of mistake or playfulness and to show intent to kill.

Accordingly, we find no merit in applicant's contentions, and the writ of habeas corpus is denied.